**No. 25-XXXX**

# IN THE UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

———————

*In re* KRISTI NOEM, *in her official capacity as Secretary, U.S. Department of Homeland Security*, et al.,

Petitioners.

———————

On Petition for a Writ of Mandamus to the United States District Court for the Northern District of Illinois

———————

**Emergency Motion For A Stay Pending A Ruling On The Government's Petition For A Writ of Mandamus And An Immediate Administrative Stay**

———————

BRETT A. SHUMATE
  *Assistant Attorney General*

ERIC D. MCARTHUR
  *Deputy Assistant Attorney General*

MARK R. FREEMAN
COURTNEY L. DIXON
DAVID L. PETERS
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7517*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 598-6735*

The federal government has petitioned this Court for a writ of mandamus directing the district court to vacate its October 28, 2025 order, which in relevant part requires Chief Gregory Bovino, a senior official at U.S. Customs and Border Protection (CBP), to "appear in court, in person," every weekday "at 5:45 PM" "to report on the use of force activities for each day." *See* DE146, at 1.[1] As reflected in the attached order, the district court has denied the government's request to stay that extraordinary and extraordinarily disruptive requirement. *Id.* Accordingly, the government asks this Court to stay that requirement pending this Court's disposition of the pending mandamus petition and enter an immediate administrative stay. Indeed, without an immediate administrative stay, the daily appearance requirement that the district court imposed less than 24 hours ago will begin today at 5:45pm. Plaintiffs oppose the stay requests.

**1.** A stay pending the disposition of a mandamus petition may be granted under the same standard that governs stays pending appeal, which requires courts to consider: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 426 (2009); *see id.* at 434 (explaining that "similar concerns arise

---

[1] Numbered docket entries in the district court case, No. 1:25-cv-12173, are abbreviated "DE#, at #."

whenever a court order may allow or disallow anticipated action before the legality of that action has been conclusively determined"); *In re Citizens Bank, N.A.*, 15 F.4th 607, 615-16 (3d Cir. 2021) (applying the usual four-factor standard to a stay pending mandamus); *cf. Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010) (per curiam) (articulating, in similar terms, the Supreme Court's standards for stays pending certiorari and mandamus).

2. For the reasons explained in the mandamus petition itself, the petition is likely to succeed on the merits. Requiring Chief Bovino—a senior executive official overseeing critical CBP operations throughout the Chicago area—to appear for daily questioning far exceeds the recognized bounds of discovery. The order significantly interferes with the quintessentially executive function of ensuring the Nation's immigration laws are properly enforced by waylaying a senior executive official critical to that mission on a daily basis. The court's order is also untethered to the plaintiffs' underlying claims and goes substantially beyond what is reasonably necessary to ensure compliance with the court's prior orders. And the order only underscores the extent to which the district court has exceeded its judicial role by arrogating to itself the role of supervising and micromanaging the day-to-day operations of an Executive Branch law-enforcement agency. This Court has granted mandamus relief from even less extreme orders requiring senior executive officials and their staff to appear for questioning in open court. *See Matter of Commodity Futures Trading Comm'n*, 941 F.3d 869, 872 (7th Cir. 2019).

3.  The equitable factors are equally straightforward. Absent a stay, the government will be irreparably harmed because Chief Bovino will be required to prepare and sit for questioning in open court today and every weekday thereafter, with no stated endpoint in sight. Every occasion that Chief Bovino is required to prepare and appear for those daily court sessions is time that he would otherwise spend carrying out the important law-enforcement functions he has been assigned. "The time taken away from [his] official duties will be lost forever." *Matter of Commodity Futures Trading Comm'n*, 941 F.3d at 872. The order thus intrudes upon core Executive Branch prerogatives and interests, including by unduly interfering with Chief Bovino's ongoing duties to oversee substantial immigration-enforcement activities, which cannot be remedied after the fact. Conversely, plaintiffs will suffer no harm during the short time it will take this Court to decide the government's mandamus petition. The daily reporting requirement was *sua sponte* imposed by the district court, not requested by plaintiffs. And as the government explained in the petition, the requirement is untethered to plaintiffs' claims and far exceeds what is necessary to ensure TRO compliance. Given the significant separation-of-powers concerns that the district court's order raises and the absence of any clear, immediate need for daily testimony from Chief Bovino, the equities and public interest plainly favor a stay.

4.  For much the same reason, an immediate administrative stay of the relevant portions of the district court's order is warranted. An administrative stay "'freeze[s]'" the status quo and "buys time" for this Court to consider the

3

government's stay motion. *United States v. Texas*, 144 S. Ct. 797, 798 (2024) (Barrett, J., concurring). The "point" is to "minimize harm" in the short period between now and "the time it takes" for the Court to resolve the broader request. *Id.* at 798-99. Both the Supreme Court and circuit courts "frequently" grant this kind of relief. *See id.* (collecting examples). Such relief is particularly appropriate here. Absent immediate relief from this Court, Chief Bovino will be required to appear in district court starting this afternoon at 5:45 PM, irreparably harming the government. This is the exact scenario in which it is appropriate to issue "administrative" relief that "buys the court time to deliberate" on a broader request for expedited relief. *Id.* at 798.

## CONCLUSION

For the foregoing reasons, the Court should stay the relevant portions of the district court's October 28 order pending disposition of the government's petition for a writ of mandamus. The Court should also grant an immediate administrative stay of the order's requirements.

Respectfully submitted,

BRETT A. SHUMATE
  *Assistant Attorney General*

ERIC D. MCARTHUR
  *Deputy Assistant Attorney General*

MARK R. FREEMAN
COURTNEY L. DIXON
 /s/ *David L. Peters*
DAVID L. PETERS
  *Attorneys, Appellate Staff*
  *Civil Division*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 598-6735*
  *David.l.peters@usdoj.gov*

OCTOBER 2025

5

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I hereby certify that this petition complies with the requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in 14-point Garamond, a proportionally spaced font, and that it complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 935 words, according to Microsoft Word.

*/s/ David L. Peters*
David L. Peters

# CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2025, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the appellate CM/ECF system. Service has been accomplished via email to the following counsel:

*Counsel for Plaintiffs-Respondents:*

wally.hilke@law.northwestern.edu
kfee@aclu-il.org
rglenberg@aclu-il.org
hannah@first-defense.org
daniel@first-defense.org
futterman@uchicago.edu
jon@loevy.com

*/s/ David L. Peters*
David L. Peters

**UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.4)
Eastern Division**

Chicago Headline Club, et al.
                            Plaintiff,

v.                                                         Case No.: 1:25−cv−12173
                                                          Honorable Sara L. Ellis

Kristi Noem, et al.
                            Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Tuesday, October 28, 2025:

      MINUTE entry before the Honorable Sara L. Ellis: Court hearing held. The Court enters and continues Plaintiffs' motion to modify the TRO [142] to the date of the preliminary injunction hearing on 11/5/2025. The Court orders Defendants to have all Federal Agents operating in Operation Midway Blitz to place an identifier conspicuously on their uniform where one can easily view it and the Agent's equipment does not obscure it. Custom and Border Protection will strive to ensure that all CBP agents working in Operation Midway Blitz have body−worn cameras. Additionally, Defendant Bovino has agreed to have a body−worn camera assigned to him by 10/31/2025 and have completed BWC training. The Court orders Defendants to provide to the Court, under seal, all CBP use of force reports relating to Operation Midway Blitz from 9/2/2025 through 10/25/2025, by COB 10/31/2025. The Court further orders Defendants to provide to the Court, under seal, all BWC video corresponding to the use of force reports from 9/2/2025 through 10/25/2025 filed with the Court by COB 10/31/2025. The Court orders Defendants to provide to the Court, under seal, all additional CBP use of force reports and corresponding BWC video within 24 hours of finalization of the CBP reports. The Court orders Defendant Bovino to appear in court, in person, week days at 5:45 PM (modifying the Court's oral order during the hearing to account for the security needs of the Dirksen Courthouse) in courtroom 1403 to report on the use of force activities for each day. Finally, the Court orders Defendants to provide to the Court, under seal, by COB 10/31/2025 a chart containing the names, dates of arrest or detention, charges or citations, and resolution of the arrest or detention (e.g., released with charging, charged with misdemeanor, charged with felony, given summons, or given citation) for all individuals detained or arrested by CBP from 9/2/2025 through 10/29/2025 that is not directly related to an immigration enforcement violation, such as a failure to appear for an immigration appointment or an outstanding order of removal. The Court denies Defendants' oral motion to stay this order. The Court denies Defendants' oral motion to stay Defendant Bovino's deposition. Emailed notice(rj, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.