No. 25-2936

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE SEVENTH CIRCUIT

_____

*In re* KRISTI NOEM, *in her official capacity as Secretary, U.S. Department of Homeland Security*, et al.,

Petitioners.

_____

On Petition for a Writ of Mandamus to the United States
District Court for the Northern District of Illinois

_____

## MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF PETITION
## FOR A WRIT OF MANDAMUS

_____

BRETT A. SHUMATE
  *Assistant Attorney General*

ERIC D. McARTHUR
  *Deputy Assistant Attorney General*

MARK R. FREEMAN
COURTNEY L. DIXON
DAVID L. PETERS
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7517*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 598-6735*

The federal government respectfully requests leave to file the attached reply in support of its petition for a writ of mandamus.  Plaintiffs were asked for their position on the motion but provided no response ahead of filing.

This Court has regularly granted such motions.  *E.g., Fund Recovery Services, LLC v. Kitchen,* No. 23-8002 (7th Cir. Mar. 6, 2023); *Commodity Futures Trading Comm'n v. Blakely,* No. 19-2769 (7th Cir. Oct. 16, 2019); *U.S. Bank Nat'l Ass'n v. United Airlines Inc.,* No. 05-1871 (7th Cir. Apr. 28, 2005).  The attached reply is well under half the word limit for a mandamus petition and response, consistent with the general rule for replies, *see* Fed. R. App. P. 27(d)(2), 32(a)(7), and addresses points raised by plaintiffs' response.

Respectfully submitted,

BRETT A. SHUMATE
 *Assistant Attorney General*

ERIC D. MCARTHUR
 *Deputy Assistant Attorney General*

MARK R. FREEMAN
COURTNEY L. DIXON
 /s/ *David L. Peters*
DAVID L. PETERS
 *Attorneys, Appellate Staff*
 *Civil Division*
 *U.S. Department of Justice*
 *950 Pennsylvania Avenue NW*
 *Washington, DC 20530*
 *(202) 598-6735*
 *David.l.peters@usdoj.gov*

OCTOBER 2025

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I hereby certify that this petition complies with the requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in 14-point Garamond, a proportionally spaced font, and that it complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 125 words, according to Microsoft Word.

*/s/ David L. Peters*
David L. Peters

No. 25-2936

IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

————————————————

*In re* KRISTI NOEM, *in her official capacity as Secretary, U.S. Department
of Homeland Security*, et al.,

Petitioners.

————————————————

On Petition for a Writ of Mandamus to the United States
District Court for the Northern District of Illinois

————————————————

**REPLY IN SUPPORT OF PETITION FOR A WRIT OF MANDAMUS**

————————————————

BRETT A. SHUMATE
   *Assistant Attorney General*

ERIC D. MCARTHUR
   *Deputy Assistant Attorney General*

MARK R. FREEMAN
COURTNEY L. DIXON
DAVID L. PETERS
   *Attorneys, Appellate Staff*
   *Civil Division, Room 7517*
   *U.S. Department of Justice*
   *950 Pennsylvania Avenue NW*
   *Washington, DC 20530*
   *(202) 598-6735*

## INTRODUCTION & SUMMARY

Plaintiffs' response to the government's mandamus petition fails to rehabilitate the district court's extraordinary *sua sponte* order compelling Chief Bovino—a senior officer with U.S. Customs and Border Protection (CBP) overseeing various aspects of the agency's daily operations in the Chicago area—to "appear in court, in person," every weekday "at 5:45 PM" "to report on the use of force activities for each day." *See* DE146, at 1.[1] As the government's petition established, the requirement to produce a senior official for daily testimony in open court irreparably harms the government, not least because it raises grave separation-of-powers concerns. The order is the kind of "judicial usurpation of power" and "clear abuse of discretion" that warrants the rare exercise of mandamus authority. *In re Petition of Boehringer Ingelheim Pharms., Inc., & Boehringer Ingelheim Int'l GmbH, in Pradaxa (Dabigatran Etexilate) Prods. Liab. Litig.*, 745 F.3d 216, 219 (7th Cir. 2014) (quoting *Cheney v. United States District Court for the District of Columbia,* 542 U.S. 367, 371 (2004)). Plaintiffs' alternating attempts to justify the order (Resp. Br. 6-8) or downplay its effects (Resp. Br. 8-11) are unavailing and cannot be squared with this Court's precedents. Accordingly, this Court should issue a writ of mandamus directing the district court to vacate its order.[2]

---

[1] Numbered docket entries in the district court case, No. 1:25-cv-12173, are abbreviated "DE#, at #."

[2] Plaintiffs' filing is a combined response to the government's mandamus petition and its separate motion for an administrative stay and stay pending mandamus. For ease of the Court's consideration, the government files this combined reply in support of its mandamus petition and stay request.

**ARGUMENT**

As the government explained in its mandamus petition, the district court's

order requiring Chief Bovino to appear in person for daily questioning far exceeds the

recognized bounds of the court's authority and fundamentally offends the separation

of powers.  The order places an unprecedented burden on Chief Bovino by requiring

him not only to attend daily hearings in open court at an appointed time, but also to

prepare to answer open-ended questions about DHS's "use of force activities for each

day." DE146, at 1.  For much the same reason, the order violates the separation of

power because it unduly interferes with the Executive's ongoing efforts to enforce the

Nation's immigration laws, and it opens the door to an improper "inquest into the

internal deliberations of the Executive Branch's senior officials." *Matter of Commodity

Futures Trading Comm'n*, 941 F.3d 869, 872 (7th Cir. 2019).  The court's extraordinary

order is particularly inappropriate given that the government has endeavored to

comply with the court's other requests for information, and given that the court's

daily-appearance requirement is untethered to plaintiffs' underlying claims.

Plaintiffs raise various arguments to either justify the extraordinary order or

minimize its effects, none of which is availing.

**1.**     Plaintiffs primarily justify the district court's extraordinary order by

pointing to what they allege are violations of the court's Temporary Restraining Order

(TRO).  *See* Resp. Br. 3-4, 7-8, 13-14.  As plaintiffs acknowledge, however, the court

has not made any actual "finding of civil contempt," let alone entered a "remedy" for

any violation.  Resp. Br. 11.  Nonetheless, the district court ordered Chief Bovino to appear in court, at an appointed time, to provide daily "report[s]" to the court. Whatever the scope of the court's authority to manage proceedings and ensure compliance with its orders, that authority is certainly not so capricious as to justify an order requiring daily appearances by a senior executive official in an effort to ensure to the court's satisfaction the government's ongoing compliance with the TRO.  That is particularly so given that the government has undertaken substantial efforts to provide voluminous information to the court and to plaintiffs about the incidents that are the subject of plaintiffs' alleged TRO violations.  *See* Pet. 14-15.

Tellingly, plaintiffs identify no authority holding that a district court's equitable authority extends to requiring daily in-person reports by an executive official about an agency's ongoing operations, nor do they cite any instance of a court issuing an analogous requirement.  *Cf. New York Trust Co. v. Eisner*, 256 U.S. 345, 349 (1921) ("[A] page of history is worth a volume of logic.").  Indeed, plaintiffs themselves never asked the court for anything even resembling that extraordinary relief, and they never suggested that such relief was necessary to ensure compliance with the court's TRO.  The court instead imposed the requirement *sua sponte*.

That the order is unmoored from the underlying claims in this litigation (Pet. 15) only confirms the district court's errors.  As plaintiffs acknowledge, the alleged TRO violations that they rely upon did not involve the named plaintiffs.  Resp. Br. 18. Nor is the daily-reporting requirement for Chief Bovino tailored in any way to the

plaintiffs in this suit or their underlying claims—the court has ordered Chief Bovino to broadly report on the agency's "use of force activities for each day." DE146, at 1. The order thus contravenes the party-specific principles underlying courts exercise of their equitable discretion, *see Trump v. CASA, Inc.*, 606 U.S. 831, 844 (2025), and underscores the extent to which the court has arrogated to itself supervisory authority over law-enforcement operations throughout the Chicago region.[3]

    **2.** Plaintiffs' efforts to minimize the district court's order are equally unavailing. Plaintiffs suggest that providing "short daily updates" is not an onerous requirement. Resp. Br. 10. But the order has no time limit on its face for Chief Bovino's daily appearances, and plaintiffs ignore the time that it will take for Chief Bovino to update himself on the agency's operations for that day so that he is prepared to testify. As explained (Pet. 13-14), Chief Bovino oversees various aspects of CBP's operations in the Chicago area and is often in the field directly supervising law-enforcement personnel conducting immigration-enforcement activity. And while plaintiffs seek to downplay the burden of having to appear "five" (or "three" times)— in addition to his appearance on October 28—any "time taken away from [Chief Bovino's] official duties will be lost forever," *Matter of Commodity Futures Trading Comm'n*, 941 F.3d at 872. Indeed, this Court has granted mandamus relief from an order compelling agency officials and staff to appear for questioning in open court on

---

    [3] For the same reasons, plaintiffs suffer no irreparable harm from a stay of the order during this Court's consideration of the petition. *Contra* Resp. Br. 14.

just one occasion and with regard to a discrete issue. *See id.* If an order requiring executive officials to appear in court just once warrants mandamus relief, then plainly so too does the order at issue here.

Plaintiffs fail to meaningfully grapple with this aspect of the Court's decision in *Matter of Commodity Futures Trading Comm'n.* Instead, plaintiffs point to public statements made by Chief Bovino as evidence that the court's order will not affect the performance of his duties. *See* Resp. Br. 4, 10. But understood in context, those statements—made before this Court's administrative stay—merely confirm that Chief Bovino was prepared to continue performing his duties with CBP, despite the obvious burdens that would have arisen had the district court's order remained effective. Indeed, plaintiffs cannot seriously maintain that it does not place a substantial burden on Chief Bovino—and, by extension, the federal government—to be required "appear in court, in person," every weekday "at 5:45 PM" "to report on the use of force activities for each day." *See* DE146, at 1.

**3.**     Plaintiffs' response also ignores the serious separation-of-powers concerns raised by the district court's order. As the government explained, Pet. 13-14, the order undermines the government's efforts to enforce the Nation's immigration laws, which the Executive Branch is undertaking pursuant to its constitutional and statutory obligations to faithfully execute federal law, by placing an undue burden on a senior executive official tasked with carrying out those duties. And this Court has recognized that orders requiring executive officials "to appear for

questioning in open court" implicate the separation of powers because of the potential for such questioning to devolve into an improper "inquest into the internal deliberations of the Executive Branch's senior officials." *Matter of Commodity Futures Trading Comm'n*, 941 F.3d at 872.

Plaintiffs attempt to distinguish this Court's decision in *Matter of Commodity Futures Trading Comm'n* on the ground that Chief Bovino is not a "high-ranking member of the Executive Branch." Resp. Br. 9. But in the next breath, plaintiffs stress Chief Bovino's insight into the command of Operation Midway Blitz. Resp. Br. 11; *see also* DE144, at 21:8-10 (Chief Bovino explaining that he is in contact with Secretary Noem about Operation Midway Blitz). In any case, as the government explained, this Court in *Matter of Commodity Futures Trading Comm'n* reasoned that separation-of-powers principles warranted granting relief in that case not only to the agency Chairman and Commissioners, but also to the agency's staff "because members of federal agencies are entitled to the assistance of their staffs." 941 F.3d at 873. Similarly, the Executive Branch is entitled to the work of the senior officials it has tasked with carrying out and supervising law-enforcement operations, rather than have those officials waylaid by onerous daily court appearances.

For similar reasons, plaintiffs improperly discount the extent to which the court is superintending and micromanaging the day-to-day operations of executive law-enforcement operations. Contrary to plaintiffs' suggestion, the foundational principle that federal courts "do not possess a roving commission" to "exercise general legal

6

oversight of the … Executive Branch[]," *TransUnion LLC v. Ramirez*, 594 U.S. 413, 424-25 (2021), is not confined only to questions of Article III standing. *See* Resp. 9. There are good reasons that courts should not in the usual course put themselves in the untenable position of managing the day-to-day operations of federal law-enforcement. *See Michigan Dep't of State Police v. Sitz*, 496 U.S. 444, 453 (1990). But those concerns are particularly pronounced here, including becusae requiring Chief Bovino to appear at the same time and place every weekday poses potential security concerns, which plaintiffs do not dispute. *See* DHS, *Latin Kings Gang Member Arrested in Illinois After Placing Hit on Commander at Large Border Patrol Chief Bovino* (Oct. 6, 2025), https://perma.cc/AW6E-5MYK (explaining that dangerous criminal organizations have reportedly placed multi-thousand dollar "bounties" and "hits" on Chief Bovino specifically).

5.    Finally, plaintiffs are simply mistaken in their assertion that the government is seeking to circumvent ordinary appellate review. This Court has explained that "a party may petition the court of appeals for a writ of mandamus" when a court's order "'amount[s] to a judicial usurpation of power or a clear abuse of discretion,' or otherwise works a manifest injustice." *In re Petition of Boehringer Ingelheim Pharms., Inc., & Boehringer Ingelheim Int'l GmbH, in Pradaxa (Dabigatran Etexilate) Prods. Liab. Litig.*, 745 F.3d 216, 219 (7th Cir. 2014) (citation omitted) (alteration in original) (quoting *Cheney v. United States District Court for the District of Columbia*, 542 U.S. 367, 371 (2004)). And this Court has explained that an improper order directing an executive

official "to appear for questioning in open court" may warrant mandamus relief because it cannot be reviewed on appeal from a final decision. *Matter of Commodity Futures Trading Comm'n*, 941 F.3d at 872. It makes no difference, as plaintiffs argue, Resp. Br. 11-12, that Chief Bovino is a named defendant who may be subject to contempt proceedings. This Court has expressly held that "mandamus may be an appropriate remedy" even where the petitioner could seek review by "accept[ing] a contempt citation, and then appeal[ing]." *U.S. ex rel. Chandler v. Cook Cnty., Ill.*, 277 F.3d 969, 981 (7th Cir. 2002), *aff'd,* 538 U.S. 119 (2003). Chief Bovino should not be forced to disregard the court's requirement to appear and accept a contempt citation before being afforded the chance to seek review of the court's extraordinary order.

## CONCLUSION

This Court should issue a writ of mandamus vacating the district court's

October 28 order requiring Chief Bovino to appear for daily questioning.

Respectfully submitted,

BRETT A. SHUMATE
*Assistant Attorney General*

ERIC D. McARTHUR
*Deputy Assistant Attorney General*

MARK R. FREEMAN
COURTNEY L. DIXON
 /s/ David L. Peters
DAVID L. PETERS
*Attorneys, Appellate Staff*
*Civil Division*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 598-6735*
*David.l.peters@usdoj.gov*

OCTOBER 2025

9

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I hereby certify that this reply has been

prepared in 14-point Garamond, a proportionally spaced font, and contains 1,985

words, according to Microsoft Word.


*/s/ David L. Peters*
David L. Peters

**CERTIFICATE OF SERVICE**

I hereby certify that on October 31, 2025, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the appellate CM/ECF system.

*/s/ David L. Peters*
David L. Peters