# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen
United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

**ORDER**

October 31, 2025

*By the Court:*

| No. 25-2936 | IN RE:<br>    KRISTI L. NOEM, et al.,<br>        Petitioners |
|---|---|
| **Petition for Writ of Mandamus** | |
| District Court No: 1:25-cv-12173<br>District Judge Sara L. Ellis | |

The following are before the court:

1. **PETITION FOR A WRIT OF MANDAMUS**, filed on October 29, 2025, by counsel for the petitioners.

2. **RESPONSE TO PETITION FOR WRIT OF MANDAMUS AND EMERGENCY MOTION FOR A STAY PENDING A RULING ON THE GOVERNMENT'S PETITION FOR A WRIT OF MANDAMUS AND AN IMMEDIATE ADMINISTRATIVE STAY**, filed on October 30, 2025, by counsel for the plaintiffs.

3. **REPLY IN SUPPORT OF PETITION FOR A WRIT OF MANDAMUS**, filed on October 31, 2025, by counsel for the petitioners.

After the district court issued a temporary restraining order affecting some aspects of immigration-law enforcement in the Chicago area, the judge on her own motion entered a further order requiring Gregory Bovino, a Chief Patrol Agent at U.S. Customs and Border Protection, to appear in court at 5:45 p.m. every weekday "to report on the use of force activities for each day." The judge justified this order by stating that she had seen videos that led her to question whether the TRO was being obeyed. The order was not, however, a response to any motion by counsel for the plaintiffs (and the videos to which the judge referred apparently do not deal with behavior involving any of the plaintiffs).

The federal defendants seek a writ of mandamus with respect to this aspect (and only this aspect) of the district court's rulings. We issued a stay of the order requiring Chief Bovino to appear and report daily, and we now **GRANT** the petition for mandamus.

While this litigation presents very challenging circumstances, the district court's order has two principal failings. First, it puts the court in the position of an inquisitor rather than that of a neutral adjudicator of the parties' adversarial presentations. Second, it sets the court up as a supervisor of Chief Bovino's activities, intruding into personnel management decisions of the Executive Branch. These two problems are related and lead us to conclude that the order infringes on the separation of powers. Review by appeal at the end of the case would not solve the problems created in the interim, which justifies review by a prerogative writ. *See In re Commodity Futures Trading Commission*, 941 F.3d 869 (7th Cir. 2019). Cf. *Cheney v. United States District Court*, 542 U.S. 367 (2004).

CERTIFIED COPY

A True Copy

Teste:

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit